UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 23-cr-261 (APM) |
| | : | |
| TERRY ALLEN, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## SUPPLEMENTAL BRIEFING
## REGARDING MOTION FOR DETENTION PENDING SENTENCING

On July 11, 2024, the Court found the defendant Terry Allen guilty of seven offenses, including 18 U.S.C. § 111(b), a crime of violence under 18 U.S.C. § 3143(a)(2), but declined to order that the defendant be detained pending sentencing under that provision. The government respectfully submits this supplemental briefing bearing on two issues underlying the Court's decision: 1) whether a substantial likelihood that a motion for acquittal or new trial on offenses other than the crime of violence is sufficient for Section 3143(a)(2)(A)(i), and 2) whether the defendant's age (65) and compliance with pretrial release conditions constitute an exceptional reasons that render detention pending sentencing inappropriate.

### I.   LEGAL STANDARD

18 U.S.C. § 3143 governs the matter, and states that for a person found guilty and awaiting sentencing:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

1

        (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

        (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Alternatively, where the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released, "[1] A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and [2] who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, [3] if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

## II.    ARGUMENT

There is no dispute that the defendant has been convicted of at least one qualifying offense – a violation of 18 U.S.C. § 111(b) (Count Three). *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A); *United States v. Quaglin*, 851 F. App'x 218, 218-19 (D.C. Cir. 2021) ("Appellant is charged with violating 18 U.S.C. § 111(b) – an offense which is categorically a crime of violence." (citing *Gray v. United States*, 980 F.3d 264, 268 (2d Cir. 2020); *United States v. Bullock*, 970 F.3d 210, 213 (3d Cir. 2020)). Nor has the government recommended that no sentence of imprisonment be imposed. *See* 18 U.S.C. § 3143(a)(2)(A)(ii). Thus, the only question is whether the defendant has satisfied the requirements of Section 3143(a)(2)(A)(i) – that there is a "substantial likelihood that a motion for acquittal or new trial will be granted" – or "shown that there are exceptional reasons

why [his] detention would not be appropriate" under Section 3145(c).[1]  He has not.

   a. *Substantial likelihood that a motion for acquittal or new trial will be granted*

In declining to detain the defendant pending sentencing, the Court ruled that the requirement under Section 3143(a)(2)(A)(i)—that "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted"—is satisfied by a substantial question being presented with respect to a portion of the counts of conviction that do not extend to the crime of violence of which the defendant was convicted, in this case, whether to establish a violation of 18 U.S.C. § 1752, the government must prove that a defendant had knowledge that a Secret Service protectee was (or would be) within the restricted perimeter, a question that is currently under consideration by the D.C. Circuit.  *See United States v. Griffin*, 22-3042 (D.C. Cir.).

Neither Section 3143(a)(2)(A)(i) nor its appellate analog, Section 3143(b)(2)(B), explicitly requires that the "substantial likelihood that a motion for acquittal or new trial will be granted" or the "substantial requestion of law or fact likely to result in . . . reversal [or] an order for a new trial" relate to the crime of violence that renders detention presumptively mandatory.  Yet, in considering release pursuant to Section 3143(b), courts, including the D.C. Circuit, have consistently held that an appeal that rises a substantial question of law or fact only supports release where it would result in a new trial, acquittal, or reduced sentence for *all counts of conviction*. *See*

---

[1] During argument, the government proffered regarding the defendant's dangerousness and risk of flight. While the government disagrees with the Court's determination that clear and convincing evidence exists that the defendant is not likely to flee or pose a danger to another person or the community, *see* 18 U.S.C. § 3143(a)(2)(B), it does not seek reconsideration here.

*Morison v. United States*, 486 U.S. 1306, 1306 (1988) ("[R]egardless of whether Morison has raised a 'substantial question' with respect to the propriety of his conviction under the Espionage Act, he has not done so with respect to his conviction for theft of Government property under § 641."); *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1987) ("[Appellants] cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed."); *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985) (collecting cases). The same logic applies to release pending sentencing under Section 3143(a), and different treatment would have absurd results: While a person convicted of Section 111(b) alone would be subject to detention under Section 3143(a)(2), a person convicted of Section 111(b) in addition to a traffic violation for an ambiguously phrased municipal ordinance would be subject to release. In this case, the defendant has been convicted of two felonies that are entirely unaffected by the question presented in *Griffin*: Count One (18 U.S.C. § 231) and Count Three (18 U.S.C. § 111(b)). The fact that he was convicted of additional offenses should not permit him to remain on release when a defendant convicted of only a violation of Section 111(b) would not be.

    b. *Exceptional circumstances*

In the alternative, the Court found that "exceptional reasons" existed that rendered it inappropriate to detain the defendant pending sentencing: the defendant's age (65) and that the defendant had remained in compliance with his conditions of pretrial release. "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12 Cr. 65 (CKK), 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 Fed.App'x. 2 (D.C. Cir. 2013)). These attributes are not exceptional.

Courts have declined to hold that advanced age constitutes an "exceptional reason," even when coupled with medical complications, which is not the case here. S*ee, e.g.*, *United States v. Romanello*, 2024 WL 676860, at *1 (2d Cir. Feb. 20, 2024) (no error where the district court concluded that defendant's age, 86, and health did not amount to "exceptional reasons" to grant bail); *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (rejecting defendant's argument that his age, 53, lack of prior criminal record, health issues, and need to care for his elderly mother who was deaf and had a limited ability to see, constituted exceptional circumstance.).

Courts have likewise declined to find that a defendant's lack of flight risk or dangerousness to the community or his history of complying with supervision constitute exceptional reasons under Section 3145(c). *See, e.g. United States v. Hite*, 72 F. Supp. 3d 29, 33-34 (D.D.C. 2014); *see also*, *United States v. Lovo*, 263 F. Supp. 3d 47, 51 (D.D.C. 2017) (holding that a defendant's employment, family support, and community connections did not constitute "exceptional reasons"). The defendant's age did not prevent him from participating the in January 6, 2021 riot at the U.S. Capitol, nor did it prevent him from assaulting and interfering with law enforcement officers that day. The defendant has made no showing that his heath or abilities have deteriorated significantly (or at all) in the intervening three years. To the contrary, defense counsel argued in her opening that the defendant continues to work in construction. The defendant's age and compliance with the terms of his pretrial release are not exceptional reasons warranting release pursuant to Section 3154(c).

### III.   CONCLUSION

Because a violation of Section 111(b) is categorically a crime of violence, it is one of the crimes included in 18 U.S.C. § 3142(f)(A)-(C). This in turn means that 18 U.S.C. § 3143(a)(2)

governs the defendant's pre-sentencing detention. The government has recommended that a prison sentence be imposed, and there is no substantial likelihood that a motion for acquittal or new trial will be granted on this count of conviction. For these reasons, and because the defendant has not demonstrated "extraordinary reasons" otherwise, he must be detained prior to his sentencing.

The government respectfully requests that this Court issue an order that the defendant be detained pending sentencing and direct the defendant to surrender to the U.S. Marshals Service in Pennsylvania within 14 days of that order.

In the alternative, the government requests that the Court modify the defendant's conditions of release from Home Detention to Home Incarceration pursuant to 18 U.S.C. § 3142(c)(3). The defendant has now been convicted of multiple felonies, including at least one crime of violence. Modifying the defendant's conditions of release to Home Incarceration—which would prevent the defendant from leaving his home without notice to pretrial services for any reason related to his construction business—is sufficient but not greater than necessary to assure that the defendant that will not pose a danger to the safety of any other person or the community.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By: /s/   Hutton Marshall
J. HUTTON MARSHALL
KATHRYN E. BOLAS
Assistant United States Attorneys
D.C. Bar No. 1721890
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20005
(202) 252-6299
Joseph.hutton.marshall@usdoj.gov