UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:23-CR-261-APM |
| : | |
| TERRY ALLEN, : | |
| : | |
| *Defendant.* : | |

## DEFENDANT ALLEN'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING MOTION FOR DETENTION PENDING SENTENCING

Terry Allen, by and through undersigned counsel, respectfully submits this response to the government's supplemental brief regarding its motion for detention pending sentencing. In support of this response, counsel submits as follows.

### BACKGROUND

1. On July 11, 2024, the Court found Mr. Allen guilty of seven offenses, including 18 U.S.C. § 111(a) and (b), which is a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)(A).

2. Following the guilty verdict, the government verbally requested that the Court detain Mr. Allen pursuant to 18 U.S.C. § 3143(a)(2).

3. The Court denied the government's request for detention. The Court explained that there is clear and convincing evidence that Mr. Allen is not likely to flee or pose a danger to any other person or the community, that there are exceptional reasons that clearly show why Mr. Allen's detention would not be appropriate, and that there is a substantial likelihood that a motion for acquittal or new trial will be granted.

4. Despite the Court's decision, the government requested to submit a supplemental brief.

1

5.      The Court agreed to allow the government to submit a supplemental brief as to whether the Court was acting outside its discretion.

6.      In its supplemental brief, the government addressed "two issues underlying the Court's decision: [(]1) whether a substantial likelihood that a motion for acquittal or new trial on offenses other than the crime of violence is sufficient for Section 3143(a)(2)(A)(i), and [(]2) whether the defendant's age (65), health, work status and compliance with pretrial release conditions constitute exceptional circumstances that render detention pending sentencing inappropriate." ECF No. 46.

7.      The government's supplemental brief is unavailing and misunderstands the Court's July 11, 2024 ruling and justifications.

## DISCUSSION

When a defendant is convicted of a crime of violence such as 18 U.S.C. § 111(a) & (b), the Court may, in its discretion, decline to detain the defendant pending sentencing if it finds there is "clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to any other person or the community," 18 U.S.C. § 3143(a)(2)(B), and (1) finds that "there are exceptional reasons why [the defendant's] detention would not be appropriate," 18 U.S.C. § 3145(c), (2) finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted, *see* 18 U.S.C. § 3143(a)(2)(A)(i), and (3) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person, *see* 18 U.S.C. § 3143(a)(2)(A)(ii).

The parties do not dispute and the Court already found that 18 U.S.C. § 111(a) and (b) qualifies as a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)(A) and that Mr. Allen is not likely to flee or pose a danger to any other person or the community, *see* 18 U.S.C. §

3143(a)(2)(B). And, the government has not recommended that no sentence of imprisonment be imposed for purposes of 18 U.S.C. § 3143(a)(2)(A)(ii). Accordingly, the Court may decline to detain Mr. Allen pending sentencing so long as it finds that (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, *see* 18 U.S.C. § 3143(a)(2)(A)(i), and (2) there are exceptional reasons why his detention would not be appropriate, *see* 18 U.S.C. § 3145(c). The Court has already affirmatively made both findings and should do so once again.

### I. THERE IS A SUBSTANTIAL LIKELIHOOD THAT A MOTION FOR ACQUITTAL OR NEW TRIAL WILL BE GRANTED

In denying the government's request to detain Mr. Allen pending sentencing, the Court stated that the statute's text does not limit its application only to instances where there is a substantial likelihood that a motion for acquittal or new trial will be granted as to the crime(s) of violence. Indeed, unlike other provisions of the statute, 18 U.S.C. § 3143(a)(2)(A)(i) provides no mention as to which crimes of conviction it contemplates. Congress could have limited the types of crimes of conviction, but it chose not to do so.

In any event, the government objected to the Court's interpretation of the statute, stating that reading the exception to be limited to instances where there is a substantial likelihood that a motion for acquittal or new trial will be granted as to the crime(s) of violence, etc., would make sense in light of the statute's purpose. The government based its argument on mere speculation and provided no authority in support of its position.

Mr. Allen also has a substantial likelihood of success on all of the charges of conviction. There are several open questions of law being contemplated by the Circuit. This Court is in the best posture to make such a determination. *See United States v. Randell,* 761 F.2d 122, 124-25 (2d Cir.) (establishing criteria for determining existence of substantial issue on appeal for purpose of release), *cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985).

## II.  THERE ARE EXCEPTIONAL REASONS WHY MR. ALLEN'S DETENTION WOULD NOT BE APPROPRIATE

As another basis for denying the government's request for detention, the Court also made a finding that exceptional reasons existed why Mr. Allen's detention would not be appropriate, pursuant to 18 U.S.C. § 3145(c). Contrary to what the government submitted in its brief,[1] the Court stated the following "exceptional reasons," among others, existed in this case: Mr. Allen is 65 years old, the conviction(s) in this case would be his first felony conviction(s), Mr. Allen has not spent a day in jail in his life, Mr. Allen is not a risk to the community, Mr. Allen is not a risk of flight, and, contrary to most other January 6 cases with similar charges, Mr. Allen had limited engagement with officers and reacted instantaneously rather than with premeditation. This too will be an issue for appeal with regard to sufficiency of the evidence on the count of violence at issue. Counsel also submitted other justifications, such as Mr. Allen's physical health (he has prescribed medications and other undisclosed health concerns[2]), he is not vaccinated, and the conditions at the D.C. Jail have been found to be unconstitutional by two sister courts in this district, judges Lamberth and Kollar-Kotelly. The Court did not abuse its discretion.

The statute does not provide a definition of "exceptional reasons." Accordingly, the outcomes of such inquiries by courts have varied greatly. *See United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) ("Court decisions addressing and applying the 'exceptional reasons' provision have expressed varying views."). For example, courts have concluded that "exceptional reasons" means unique, uncommon, rare, or out of the ordinary, *see United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing *en banc),* "unique

---

[1] The government misleadingly stated that the Court only cited two exceptional circumstances: Mr. Allen's age and that he had remained in compliance with his conditions of pretrial release. *See* ECF No. 46 at 4.
[2] Medical records will be provided to the court, under seal. at the Court's request.

4

combination[s] of circumstances," *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir. 1991), or simply a showing of something more than a low likelihood of flight or danger to others, *see United States v. Devinna,* 5 F.Supp.2d 872, 873 (E.D.Cal. 1998). The test under Section 3145(c) "is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as "exceptional." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (citation omitted); *see United States v. Wiggins*, 613 F. Supp. 3d 348, 356 (D.D.C. 2020) (citation omitted) (By adopting the term "exceptional reasons" but declining to define it, it appears that "Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct."); *United States v. Mitchell*, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005) (citing *United States v. Kaquatosh,* 252 F.Supp.2d 775, 777-78 (E.D.Wis. 2003) ("The statute provides district courts considerable discretion and requires only that the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate. A court may make such a finding based on 'legal' reasons, 'factual' reasons, or some combination of both.")). Ultimately, the analysis is one that is extremely case-specific. *See Wiggins*, 613 F. Supp. 3d at 356 (citation omitted).

      Despite the government's contention, pretrial compliance can, in fact, support a finding of extraordinary circumstances. As in *United States v. Mitchell*, 358 F. Supp. 2d 707, 709 (E.D. Wis. 2005), Mr. Allen performed so exceptionally during pretrial release that he was recommended to have his electronic monitoring condition removed. Mr. Allen's conduct "went beyond mere compliance with release conditions" and is to be regarded as out of the ordinary "when compared to other defendants with similar offenses." *Mitchell*, 358 F. Supp. 2d at 709. To be sure, as

mentioned during the verdict hearing, Mr. Allen decided to keep his electronic monitoring condition to demonstrate the extent of and his dedication to his pretrial compliance.

This Court specifically stated that Mr. Allen's interactions with law enforcement on January 6 were extremely limited as compared to other violent January 6 defendants. This, in and of itself, is an exceptional circumstance. See *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003) ("The nature of the violent act itself may also be significant. . . Various factors may lead the district court to believe that the particular act committed by the defendant, while falling within one of [the] categories [triggering mandatory detention], is sufficiently dissimilar from the others in that category to warrant a finding of 'exceptional reasons.' Under appropriate circumstances, . . . the district court might find that in some cases the general rule in favor of detention is less likely to be applicable. Similarly, if the act of violence or the circumstances surrounding the act were highly unusual . . . exceptional reasons might be more likely to exist."); United States v. Hartery, 351 F. Supp. 2d 14, 18 (N.D.N.Y. 2005) ("That Court noted in *DiSomma* that 'a merely substantial question [of law or fact] may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional circumstances.' . . . There are such factors present in this case, such as the fact that he was assaulted first by law enforcement. In many, if not most, instances, a felon in possession of a firearm likely has used or intends to use such firearm for an unlawful purpose. However, Hartery's situation is unique because his possession of firearms was for the sport of hunting, which standing alone is not an illegal purpose. His possession of firearms is made illegal only because he had two prior felony convictions entered more than ten years ago.").

Similarly, Mr. Allen maintains that the crime of violence of which he was found guilty is not valid. For instance, we believe that the government failed to make an adequate showing that

Mr. Allen violated Section 111(a) and (b), as opposed to 111(a), for example. Even this distinction is significant—because a violation of Section 111(a) and (b) is a crime of violence that carries many game-changing sentencing enhancements, while a violation of Section 111(a) is not a crime of violence and does not trigger many of the same enhancements. This offers another exceptional reason. *See, e.g.*, *Garcia*, 340 F.3d at 1018 (citing *United States v. Hill,* 827 F.Supp. 1354, 1356-58 (W.D.Tenn.1993) (finding exceptional reasons where successful appeal was likely because the district court believed that the evidence was insufficient under circuit precedent to support conviction, but that the district court lacked the authority to enter *sua sponte* a judgment of acquittal)); *DiSomma,* 951 F.2d at 497-98 (stating that "an unusual legal or factual question can be sufficient ... [or, o]n the other hand, a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors," and affirming order of release where defendant "mount[ed] a direct and substantial challenge on appeal to the factual underpinnings of the element of violence upon which his sole conviction st[oo]d[ ] or f[e]ll[ ]" and where there was no risk of flight or danger to the community); *Hartery*, 351 F. Supp. 2d at 18 ("[T]here exists a substantial legal question on appeal. Even though the legal question on appeal does not go to the precise issue that would make the crime a crime of violence as was the question in *DiSomma,* the Second Circuit noted that 'a case by case evaluation is essential, and it is not [the Court's] intention to foreclose district judges from the full exercise of discretion in these matters.' . . . The Court, therefore, finds that the substantial question on appeal and the "remarkable and uncommon factors" present in this case are exceptional reasons that should permit Hartery's release pending appeal.").

## CONCLUSION

In conclusion, there are exceptional reasons for Mr. Allen to remain on release pending sentencing in this case. The government's alternative of home incarceration is understandable but the same protections the government seeks are being effectuated by home detention and ankle monitoring as Mr. Allen has now.

Respectfully submitted,

\_\_\_/s/ Kira Anne West\_\_\_
Kira Anne West
D.C. Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C. 20002
(202)-236-2042
kiraannewest@gmail.com
*Attorney for Mr. Allen*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically for all parties of record on this 19th day of July 2024.

\_\_\_/s/ Kira Anne West\_\_\_
Kira Anne West