UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 23-cr-261 (APM) |
| : | |
| TERRY ALLEN, : | |
| : | |
| : | |
| Defendant. : | |

**UNITED STATES' REPLY IN SUPPORT OF
<u>DETENTION PENDING SENTENCING</u>**

The government respectfully submits this brief in reply to address contentions by Defendant Terry Allen that the law does not dictate that he should be detained pending sentencing on the seven criminal offenses he committed at the U.S. Capitol on January 6, 2021, including at least one undisputed crime of violence under the relevant statutory framework.

a. <u>There is no discernible likelihood that a motion for acquittal or new trial will be granted on Allen's Section 111(b) conviction triggering applicability of Section 3143(a)(2).</u>

On July 11, 2024, the Court convicted Terry Allen of violating 18 U.S.C. § 111(b) after finding beyond a reasonable doubt that Allen assaulted law enforcement officers with a deadly or dangerous weapon on January 6, 2021. Through 18 U.S.C. § 3143(a)(2), Congress has instructed that defendants convicted of such crimes of violence shall be held pending sentencing, unless there is, among other requirements, a significant chance that this basis for detention will be undone—that there is "a substantial likelihood that a motion for acquittal or new trial will be granted." Where Courts—including the Supreme Court—have interpreted analogous language elsewhere in Section 3143 regarding when a defendant convicted of a crime of violence must be held pending appeal, they have confirmed the same reading: that if there is not a substantial risk of acquittal or a new

1

trial as to that crime of violence, then the defendant shall remain detained. ECF No. 46 at 3-4 (collecting cases).

The defendant fails to cite a single decision by a federal court to the contrary. In fact, the only case cited by the defendant that "establish[es] criteria for determining existence of substantial issue on appeal for purpose of release" is yet another case that explicitly held that—in the context of bail pending appeal—the substantial issue must be "likely to result in reversal or an order for a new trial *on all counts on which imprisonment has been imposed*." ECF No. 49 at 3 (citing *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985)) (emphasis added). And while the defendant makes the generalized claim that "Mr. Allen also has a substantial likelihood of success on all of the charges of conviction" because "[t]here are several open questions of law being contemplated by the Circuit," he does not identify which of these "open questions" could plausibly result in acquittal or new trial on Allen's Section 111(b) conviction, nor did the Court note any such issues outside of the definition and scope of "knowingly" as it appears in 18 U.S.C. § 1752(a) offenses. *Id.*

  b. <u>There is evidence Allen is a danger to another individual or individuals in the community.</u>

In his opposition, the defendant states that "[t]he parties do not dispute and the Court already found that … Mr. Allen is not likely to flee or pose a danger to any other person or the community." This is not correct. The government strongly disagrees with the assertion that there is clear and convincing evidence that Allen does not pose a danger to any other person or the community.

First, it is not accurate that "Mr. Allen has not spent a day in jail in his life." ECF No. 49 at 4. Allen was previously incarcerated for an aggravated assault on a police officer. On Dec. 23,

1983, when a State College police officer attempted to arrest Allen for public drunkenness, Allen wrestled the officer to the ground, got on top of him, gripped the officer's neck with both hands and choked him, and then brutally and repeatedly slammed the officer's head into the concrete pavement of a Burger King parking lot.

Allen's arrest for his criminal conduct on January 6 provided further evidence of his dangerousness. When police searched Allen's home after arresting him on the instant charges,[1] they found 19 firearms, M-class fireworks, gunpowder, and 10,000-20,000 rounds of ammunition. Included among these firearms was an AR-15 featuring an image of former President Donald Trump in an 18th century military officer's uniform surrounded by the text, "45th PRESIDENT DONAL J. TRUMP – 1776 REBORN – JANUARY 20, 2017."



There are also indications that Allen has contemplated some form of violence against protected classes of individuals, such as members of the LGBT community. In June of 2023, shortly before his arrest, when someone joked that Allen should decorate his excavator for the

---

[1] Allen was arrested via traffic stop rather than at his home because of concerns for law enforcement personnel safety.

3

LGBT Pride Month, Allen responded: "I already ordered 2000 rounds of f*g and quire [sic] hollow point and green tip to put them out of there [sic] misery and everything!" Followed by: "They come out here they better Repent and get right with Jesus or we are going to have big time problems just sayen [sic] and everything!" Following Allen's arrest, he told FBI agents that approximately five years ago, he traveled to a gay pride rally in North Carolina to instigate opposition and verbally confront participants.

Allen continued to demonstrate an eagerness to use violence during the months leading up to January 6, 2021. In Government's Exhibit 313 admitted at trial, shortly after Allen held up his fist wearing gloves with reinforced gloves and said he wanted to "try these new gloves out," Allen said he was there to "kick some ass and take names," followed by: "I don't believe in Romans 13 that we're supposed to just sit down and bow from it. When you see sin, you get in their face and let them know." The government respectfully asks that the Court reconsider its determination that there is clear and convincing evidence that Allen does not pose a danger to any other person or to the community.

c. *Home Incarceration would provide additional, important restrictions on Allen's movement within the local community.*

To the extent the Court rules otherwise, the government disagrees with the defendant that there is no utility in modifying Allen's conditions of release from Home Detention to Home Incarceration. Allen's current conditions on Home Detention allow him significant flexibility to leave his home and travel within the local community, as he is permitted to do in relation to his construction and excavation business. Home Incarceration would, on the other hand, appropriately limit Allen's ability to travel freely into the community except for medical necessities from now until sentencing on Nov. 14, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By: /s/    Hutton Marshall
    J. HUTTON MARSHALL
    KATHRYN E. BOLAS
    Assistant United States Attorneys
    D.C. Bar No. 1721890
    Assistant United States Attorney
    601 D Street NW
    Washington, D.C. 20005
    (202) 252-6299
    Joseph.hutton.marshall@usdoj.gov