IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:23-cr-261-APM |
| | : | |
| | : | |
| **TERRY ALLEN,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION FOR PROPERTY RETURN

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Terry Allen's motion for property return, ECF No. 69, which moves the Court to order the government to give Mr. Allen's family members every item seized pursuant to a Rule 41 search warrant on July 6, 2023, notwithstanding the defendant's ongoing appeal.

While the government does not oppose the defendant's motion as it pertains to firearms, ammunition, firearm-related accessories, and certain electronic devices identified below, the Court should otherwise deny the defendant's motion. A proposed order granting in part and denying in part the defendant's motion is attached.

### Background

On July 6, 2023, the defendant was arrested and charged by criminal complaint for offenses committed at the U.S. Capitol on January 6, 2021. That same day, pursuant to a federal search warrant, property was seized from the home of the defendant as evidence or potential evidence of his offenses committed on January 6. This included clothing that Mr. Allen wore to the U.S. Capitol on January 6, 2021, objects Mr. Allen carried with him that day (such as a wooden flagpole and

reinforced gloves), clothing Allen wore on separate trips to Washington, D.C. in the months surrounding January 6, 2021, and electronic devices. Relevant materials were subsequently identified on one electronic device (an iPhone 11), but not on the others (two flip phones, USB thumb drives, and a desktop computer).

Firearms, ammunition, and firearm-related accessories[1] were also seized during the search. At the time, federal authorities had information indicating that the defendant's possession of firearms was prohibited by federal law based on conviction records providing that Allen was previously sentenced to six to eighteen months of incarceration for aggravated assault, a felony offense in Pennsylvania. However, federal authorities later identified conflicting records indicating that while Allen was charged with aggravated assault, he ultimately pled guilty to simple assault, a misdemeanor offense, and that Allen ultimately served less than a year on his six to eighteen–month sentence. Nevertheless, because the defendant was not permitted to possess these items while on pre-trial release, the FBI retained custody of them. A log of property recovered during the premises search is attached as Exhibit A.[2]

On July 11, 2024, following a three-day bench trial, this Court found the defendant guilty of seven offenses relating to his participation in the attack on the U.S. Capitol on January 6, 2021, including five felonies. On November 14, 2024, this Court sentenced the defendant to 24 months of incarceration followed by 24 months of supervised release, special assessments totaling $520, and restitution in the amount of $1,000. ECF No. 67 (Judgment). On July 18, 2024, the defendant filed a notice of appeal of the Final Judgment. ECF No. 65. This appeal remains pending.

---

[1] This included gun magazines, body armor, carrier vests, and related paperwork, such as user manuals and purchase receipts.
[2] This does not include the defendant's iPhone 11 seized from his person that day, or a satellite phone Allen later provided to a U.S. Probation Officer.

The government does not object to the defendant's motion insofar as it seeks an order that the firearms, ammunition, and related property be returned to an individual other than Mr. Allen, who is now a prohibited person pursuant to 18 U.S.C. § 922(g)(1) and therefore cannot legally possess them. However, because Mr. Allen's appeal remains pending, the government is entitled to retain the other items seized because of their evidentiary value in any potential future trial.

## Legal Standard

Generally, property that is seized by government agents that is not contraband should be returned to the owner at the end of criminal proceedings. *See United States v. Farrell,* 606F.2d 1341, 1343 (D.C. Cir. 1979). However, property that is lawfully seized "may be retained pending exhaustion of its utility in criminal prosecutions." *United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) (citing *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980)). One proper reason for retaining property is for its use as evidence at potential hearings or trial. *Id.* at 86.

## Argument

Except as noted above, the defendant's motion for return of property should be denied because the evidentiary utility of the defendant's property is not exhausted until the judgment is final and appellate remedies exhausted. Since the defendant has filed a notice of appeal, the property seized may become relevant in future proceedings. The government introduced property seized during this search as evidence at trial, and additional property seized during the July 6, 2023 search could be introduced by either party were a new trial to occur. The defendant may change course from their original defense, for example, by challenging his identification as the person who committed the offense, thereby increasing the probative value of clothing he wore on January 6, 2021 that was seized during the search.

**Conclusion**

For the foregoing reasons, this Court should deny the defendant's requested relief as overbroad. To the extent the Court is inclined to grant the defendant's motion in part and deny it in part—ordering the return of electronic devices, firearms, and firearms-related accessories that the government concedes do not have evidentiary value in future proceedings—a proposed order is attached to this response.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney

By:   */s/ Hutton Marshall*
J. HUTTON MARSHALL
KATHRYN A. BOLAS
Assistant U.S. Attorneys
U.S. Attorney's Office for the
District of Columbia
DC Bar No. 1721890
601 D Street N.W.
Washington, D.C. 20579
(202) 809-2166
Joseph.hutton.marshall@usdoj.gov